## Hilands v. Shade et ux.

*Ralph L. Belford* and *W. W. Belford, 2nd,* for defendants.

TROUTMAN, J., March 18, 1948.—This is a writ of certiorari directed to Joseph A. Daley, justice of the peace, upon the application of defendants, Grant Shade and Mable Shade.

Defendants except to the record of the justice of the peace and the judgment entered by him for the following reasons:

1. The record upon its face does not show that T. P. Hilands, plaintiff, ever appeared before the justice of the peace to give evidence upon which judgment in his favor could have been rendered; nor does the record disclose that a hearing in proper form was ever conducted before the justice of the peace.

2. The record upon its face shows that judgment was entered more than 10 days after the last evidence in said case was heard.

3. The record does not show that notice of the intention of the justice of the peace to render judgment was given to defendants prior to or after judgment was rendered.

4. The record upon its face shows that the summons was issued returnable within less than five days from the date of issuance.

The transcript of the justice of the peace indicates that judgment was rendered in favor of plaintiff on December 5, 1947, and that on January 10, 1948, bond having been furnished by plaintiff, eviction papers were issued to the constable. The præcipe for the writ of certiorari was filed January 17, 1948, and the transcript of the justice of the peace was filed on January 19, 1948. Under the Act of March 20, 1810, P. L. 208, sec. 21, 42 PS §951, a writ of

certiorari cannot be allowed unless the same is issued within 20 days after judgment was rendered and served within 5 days thereafter, and if such certiorari is not taken within 20 days, the court is limited to an examination of the record to determine whether the record shows that the magistrate lacked jurisdiction over the parties or the subject matter: Schaeffer v. Griffith, 47 Dauphin 103.

While the writ of certiorari was issued more than 20 days following the rendering of judgment by the justice of the peace, nevertheless the time limitation will not run until defendant has had notice of the judgment. If the summons, though properly served, is fatally defective, then certiorari must issue within 20 days from the actual notice: Mager & Paul v. Zawislak et ux., 29 Luzerne 488.

The transcript of the justice of the peace shows that the summons was issued on September 8, 1947, to George Heddings, constable, returnable September 9, 1947. It is clear that only one day intervened between the date of the issuance of the summons and the return day. Under the provisions of the Act of March 20, 1810, P. L. 208, sec. 2, 42 PS §422, it is provided that a justice of the peace is empowered and required, upon complaint, to issue a summons, which summons shall command said defendant to appear before the justice on a certain day therein to be expressed, not more than eight nor less than five days after the date of the summons. It has been repeatedly held that where the summons is returnable in less than five days after the date of the summons, such summons is void: Katz Underwear Co. v. Erie Railroad Company, 6 D. & C. 329.

Inasmuch as the summons was made returnable less than five days from the date thereof, the justice of the peace was without jurisdiction. The record does not indicate that defendant, Grant Shade, was ever served with a summons. It is stated in the transcript that Mrs. Mable Shade, one of defendants,

appeared September 9, 1947, and waived hearing. It might be argued that Mable Shade waived any defects in the summons by appearing and waiving a hearing. However, the transcript does not show that the justice of the peace ever took any action in respect to this waiver of a hearing. In relation to defendant, Grant Shade, the justice of the peace has no jurisdiction, not only because the summons was made returnable less than five days from its date, but also because of the fact that the record does not show that a summons was ever served upon Grant Shade.

A defect in the transcript which is fatal as to both defendants is the fact that there is nothing to indicate on the face of the record that there was a hearing held by the justice of the peace prior to the entry of judgment or that plaintiff ever appeared. The transcript shows that the justice of the peace served notices on defendants to vacate for a period of almost three months prior to judgment, but the transcript is silent as to any notice of a hearing or any notice to defendants that judgment had been entered in favor of plaintiff. The duty of the justice was to notify defendants as to what disposition was made of the case where he deferred judgment beyond the date set for a hearing. By the weight of authority, a judgment not entered within 10 days is void, and will be reversed upon certiorari: Gill v. Wagoner, 7 Dist. R. 166.

For the foregoing reasons the exceptions must be sustained and the judgment of the justice of the peace reversed.

## Order

And now, to wit, March 18, 1948, the exceptions filed are sustained, the judgment of the justice of the peace is reversed and judgment is here directed to be entered against T. P. Hilands, plaintiff, and in favor of Grant Shade and Mable Shade, defendants, for costs.